IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLIFFORD RAY HACKETT,<br><br>        Plaintiff,<br><br>    vs.<br><br>RED GUAHAN BUS,<br><br>        Defendant.<br>_____ | ) CIVIL NO. 16-00066 ACK-RLP<br>)<br>) ORDER GRANTING PLAINTIFF'S<br>) REQUEST FOR LEAVE TO FILE BY FAX<br>) AND DENYING PLAINTIFF'S REQUEST<br>) FOR LEAVE TO SERVE PARTIES<br>) ELECTRONICALLY; FINDINGS AND<br>) RECOMMENDATION THAT THE DISTRICT<br>) COURT DENY PLAINTIFF'S<br>) APPLICATION TO PROCEED WITHOUT<br>) PREPAYMENT OF FEES AND DISMISS<br>) THE COMPLAINT WITH LEAVE TO AMEND<br>) |

ORDER GRANTING PLAINTIFF'S REQUEST FOR LEAVE TO FILE BY FAX
AND DENYING PLAINTIFF'S REQUEST FOR LEAVE TO SERVE PARTIES
ELECTRONICALLY; FINDINGS AND RECOMMENDATION THAT THE DISTRICT
COURT DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT
OF FEES AND DISMISS THE COMPLAINT WITH LEAVE TO AMEND[1]

On February 16, 2016, Plaintiff Clifford Ray Hackett filed a document entitled "Motions" asking for "free process," leave to file by fax, and leave to serve parties electronically. ECF No. 2. Although Plaintiff refers to a request for "free process," the Court construes Plaintiff's request as an application to proceed without prepayment of fees. The Court finds these matters suitable for disposition without a hearing pursuant to Local Rule 7.2(d). For the reasons discussed below, the Court GRANTS Plaintiff's request for leave to file by fax,

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

DENIES Plaintiff's request for leave to serve parties electronically, and FINDS AND RECOMMENDS that the district court DENY Plaintiff's application to proceed without prepayment of fees and DISMISS his Complaint with leave to amend.

BACKGROUND

Plaintiff's Complaint, filed February 16, 2016, alleges that Defendant Red Guahan Bus violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, by "failing to add wheelchair lifts" and preventing access to disabled persons.  ECF No. 1.  Plaintiff indicates that he is a United States citizen and his mailing address is in Hawaii.  Id. Plaintiff alleges that Defendant "owns a commercial business worldwide."  Id.  Plaintiff's Complaint lists Defendant's mailing address as 117 Guerrero St. Tamuning, Guam.  Id.  Plaintiff subsequently filed the instant requests seeking leave to proceed without prepayment of fees, file by fax, and serve parties electronically.  ECF No. 2.

DISCUSSION

**I.  Plaintiff's Request for Leave to File by Fax is GRANTED.**

Plaintiff requests leave to file by fax as a reasonable accommodation due to the fact that he is deaf and blind.  ECF No. 2.  The Court finds that Plaintiff has shown good cause for this accommodation and GRANTS Plaintiff's request for leave to file by

fax.

For each fax filing, Plaintiff must include a separate cover sheet that states the case name, the docket number, the title of the attached filing, and the number of pages faxed. Plaintiff must also comply with the requirements of Local Rule 10.2.

**II. Plaintiff's Request for Leave to Serve Parties Electronically is DENIED.**

Plaintiff further requests leave to serve parties electronically as a reasonable accommodation. ECF No. 2. Local Rule 100.2.2(1) provides that "[a]ny person appearing pro se may not utilize electronic filing without leave of the court, which decision rests in the discretion of the assigned district or magistrate judge." LR100.2.2(1). Plaintiff does not make any argument or provide any information supporting his request for leave to serve parties electronically. ECF No. 2. The Court finds that Plaintiff has failed to show good cause for the Court to exercise its discretion under Local Rule 100.2.2(1) and therefore DENIES Plaintiff's request for leave to serve parties electronically.

**III. The Court FINDS AND RECOMMENDS That the District Court DENY Plaintiff's Application to Proceed Without Prepayment of Fees and DISMISS Plaintiff's Complaint With Leave to Amend.**

Courts may authorize the commencement of any suit

without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). The Court must subject each civil action commenced pursuant to Section 1915(a) to mandatory screening and order the dismissal of any claim that it finds frivolous, malicious, or failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

     Additionally, the court may dismiss a complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. See Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008). Rule 8 requires that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Rule 8 also requires that a complaint include "a short and plain statement of the claim" and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Because Plaintiff is

appearing pro se in this action, the Court liberally construes the pleadings. See Bernhardt v. L.A. Cnty., 339 F.3d 920, 925 (9th Cir. 2003).

**A. Plaintiff's Complaint Fails to Allege Sufficient Facts to Support the Court's Jurisdiction.**

Plaintiff has failed to allege sufficient facts to support this Court's exercise of personal jurisdiction over Defendant. Personal jurisdiction is proper if it is consistent with Hawaii's long-arm statute and it comports with due process of law. Boschetto v. Hansing, 539 F.3d 1011, 1021–22 (9th Cir. 2008). Because Hawaii's long-arm statute reaches to the full extent permitted by the United States Constitution, the Court need only determine whether due process permits the exercise of personal jurisdiction. Television Events & Mktg., Inc. v. Amcon Distrib. Co., 416 F. Supp. 2d 948, 958 (D. Haw. 2006) (citing Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800–01 (9th Cir. 2004)); Haw. Rev. Stat. § 634-35. For due process to be satisfied, a defendant must have "minimum contacts" with the forum state. Int'l Shoe Co. v. Wash., 326 U.S. 310, 315 (1945). A defendant has minimum contacts with the forum state if (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum; (2) the claim arises out of or results from the defendant's forum related

activities; and (3) the exercise of jurisdiction is reasonable. Boschetto, 539 F.3d at 1021.

Plaintiff does not plead sufficient facts to satisfy the standard for minimum contacts. Plaintiff states only that Defendant "owns a commercial business worldwide." ECF No. 1. Plaintiff does not allege that Defendant operates or otherwise has any presence in Hawaii or that Plaintiff was discriminated against by Defendant in Hawaii. Even liberally construing the Complaint, the Court cannot determine that Defendant has sufficient minimum contacts with Hawaii to establish personal jurisdiction. Because Plaintiff has failed to state the grounds for this Court's jurisdiction over Defendant, the Court recommends that Plaintiff's Complaint be dismissed. See Fed. R. Civ. P. 8(a)(1).

**B. Plaintiff's Complaint Fails to Allege Sufficient Facts to Support His ADA Claim.**

Plaintiff has failed to plead sufficient facts to state a claim for relief under Title III of the ADA. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). In order to state a claim

under Title III of the ADA, Plaintiff must show that: (1) he has a disability; (2) defendant is subject to Title III; (3) and he was denied full and equal treatment or otherwise discriminated against because of his disability.  See Parr v. L & L Drive-Inn Restaurant, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000) (citing Mayberry v. Von Valtier, 843 F. Supp. 1160, 1166 (E.D. Mich. 1994)); see also Reeves v. MV Transp., Inc., 845 F. Supp. 2d 104, 106-107 (D.D.C. 2012).  Although Plaintiff indicates in other filings that he is deaf and blind, he alleges in his Complaint only that "Plaintiffs are individuals with disabilities."  ECF Nos. 1, 2.  Additionally, Plaintiff alleges that "Defendant's business is a public accommodation."  ECF No. 1.  These allegations merely recite the elements of a claim under Title III of the ADA and are therefore insufficient to satisfy Rule 8.  See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to satisfy Rule 8].").  Because Plaintiff has failed to allege sufficient facts to state a claim for which relief can be granted, the Court recommends that Plaintiff's Complaint be dismissed.  See Fed. R. Civ. P. 8(a)(2).

    **C.  Plaintiff's Complaint Should Be Dismissed Under the First-to-File Rule.**

    Finally, the Court finds that dismissal of Plaintiff's Complaint is also appropriate under the first-to-file rule.  See

Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94 (9th Cir. 1982). The first-to-file rule is a discretionary rule that allows a district court to dismiss, stay, or transfer a case to another district court in order to avoid duplicative litigation and prevent conflicting judgments. Wallerstein v. Dole Fresh Vegetables, Inc., 967 F. Supp. 2d 1289, 1292 (N.D. Cal. 2013). "Courts analyze three factors in determining whether to apply the first-to-file rule: (1) chronology of the actions; (2) similarity of the parties; and (3) similarity of the issues." Id. at 1293.

    The Court finds that this case satisfies the three requirements for the first-to-file rule. Plaintiff has filed a similar action in the District Court for the District of Guam. See Hackett v. Red Guahan Bus 117 Guerro, No. 1:16-cv-00001 (D. Guam Jan. 8, 2016). The complaint filed in Plaintiff's action in the District of Guam is nearly identical to his Complaint in this action. Compare Hackett v. Red Guahan Bus 117 Guerro, No. 1:16-cv-00001, Docket Entry 1, with ECF No. 1. Plaintiff filed his action in the District of Guam over one month prior to filing in this district. Id. Although it appears Plaintiff's filing fee in his District of Guam action was due on February 4, 2016, and was not paid, Plaintiff was still pursuing the case as of January 19, 2016, and the case has not been dismissed. See Hackett v. Red Guahan Bus 117 Guerro, No. 1:16-cv-00001, Docket Entries 3 (order denying application to proceed without prepayment of fees), 4 (motion for recusal filed by Plaintiff). Because

Plaintiff's action in the District of Guam was filed prior to this action, involves identical parties,[2] and identical issues, the Court finds that Plaintiff's Complaint should be dismissed pursuant to the first-to-file rule.

Although the Complaint is deficient, the Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).  Accordingly, the Court RECOMMENDS that the Complaint be DISMISSED without prejudice and Plaintiff be given leave to file an amended complaint, addressing the deficiencies identified above, no later than thirty days from the district court's adoption of these Findings and Recommendations.

If Plaintiff chooses to file an amended complaint, the document must be clearly designated as the "First Amended Complaint," must be retyped or rewritten, and may not incorporate any part of the original Complaint by reference.  See Local Rule 10.3.  Because the Court finds that the Complaint is deficient, the Court also RECOMMENDS that Plaintiff's application to proceed without prepayment of fees be DENIED and that Plaintiff be given

---

[2] Although the defendant in the District of Guam action is named "Red Guahan Bus 117 Guerro," it appears this is an error due to Plaintiff including only part of Defendant's address next to Defendant's name on his District of Guam complaint.

leave to file another Application if he chooses to file an amended complaint. If Plaintiff chooses to file another application to proceed without prepayment of fees, he must do so by fully completing and executing the court-approved form available on the court's website.

CONCLUSION

In accordance with the foregoing, the Court ORDERS that Plaintiff's request for leave to file by fax is GRANTED and Plaintiff's request for leave to serve parties electronically is DENIED.

The Court FINDS AND RECOMMENDS that the district court DISMISS Plaintiff's Complaint with leave to amend. Plaintiff must file an amended complaint, if he chooses to do so, addressing the deficiencies identified above, no later than thirty days from the district court's adoption of these Findings and Recommendations. The Court further FINDS AND RECOMMENDS that the district court DENY Plaintiff's application to proceed without prepayment of fees with leave to file another Application if he chooses to file an amended complaint. If Plaintiff chooses to file another application to proceed without prepayment of fees, he must do so by fully completing and executing the court-approved form available on the court's website.

IT IS SO ORDERED AND FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, FEBRUARY 23, 2016.



Richard L. Puglisi
United States Magistrate Judge

**HACKETT V. RED GUAHAN BUS; CIVIL NO. 16-00066 ACK-RLP; ORDER GRANTING PLAINTIFF'S REQUEST FOR LEAVE TO FILE BY FAX AND DENYING PLAINTIFF'S REQUEST FOR LEAVE TO SERVE PARTIES ELECTRONICALLY; FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND DISMISS THE COMPLAINT WITH LEAVE TO AMEND**