IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLIFFORD RAY HACKETT, | ) CIVIL NO. 16-00066 ACK-RLP |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION THAT |
| | ) THE DISTRICT COURT DENY |
| vs. | ) PLAINTIFF'S SECOND APPLICATION TO |
| | ) PROCEED WITHOUT PREPAYMENT OF |
| RED GUAHAN BUS, | ) FEES AND DISMISS THE AMENDED |
| | ) COMPLAINT WITH LEAVE TO AMEND |
| Defendant. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DENY
PLAINTIFF'S SECOND APPLICATION TO PROCEED WITHOUT PREPAYMENT
OF FEES AND DISMISS THE AMENDED COMPLAINT WITH LEAVE TO AMEND[1]

On February 23, 2016, Plaintiff Clifford Ray Hackett filed a document entitled "Motion for Leave to Proceed In Forma Pauperis" ("Motion"). ECF No. 5. The Court construes Plaintiff's Motion as a second application to proceed without prepayment of fees. Plaintiff also filed an Amended Complaint on February 29, 2016. ECF No. 7. The Court deferred decision on the Motion until the district court acted on the Court's prior Findings and Recommendation that the district court deny Plaintiff's first application to proceed without prepayment of fees. ECF No. 6. The district court adopted the Findings and Recommendation on March 9, 2016. ECF No. 9. The Court now finds

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d).  For the reasons discussed below, the Court FINDS and RECOMMENDS that the district court DENY Plaintiff's second application to proceed without prepayment of fees and DISMISS his Amended Complaint with leave to amend.

BACKGROUND

Plaintiff alleges that Defendant Red Guahan Bus violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, by "failing to add wheelchair lifts" and preventing access to disabled persons.  ECF No. 1, Complaint; ECF No. 7, Amended Complaint.  Plaintiff indicates that he is a United States citizen and his mailing address is in Hawaii.  ECF Nos. 1, 7.  Plaintiff alleges that Defendant "owns a commercial business worldwide."  ECF Nos. 1, 7.  Plaintiff lists Defendant's mailing address as 117 Guerrero St. Tamuning, Guam.  ECF Nos. 1, 7.

Plaintiff previously filed a request seeking "free process," which the Court construed as an application to proceed without prepayment of fees.  ECF No. 2; see also ECF No. 4.  This Court recommended that the district court deny Plaintiff's first application to proceed without prepayment of fees because Plaintiff's Complaint failed to allege sufficient facts to support personal jurisdiction over defendant or to support his ADA claim.  ECF No. 4 at 5-7.  The Court also found that

Plaintiff's initial Complaint should be dismissed pursuant to the first-to-file rule because Plaintiff had previously filed a nearly identical complaint in the District of Guam.  Id. at 7-9.

Plaintiff filed the instant Motion on the same day this Court issued its Findings and Recommendation.  See ECF Nos. 4, 5.  The Court deferred decision on the Motion until the district court acted on the Findings and Recommendation.  ECF No. 6.  The district court adopted the Findings and Recommendation on March 9, 2016.  ECF No. 9.  However, prior to the district court's adoption, Plaintiff filed an Amended Complaint.  ECF No. 7.  The Amended Complaint is identical to Plaintiff's initial Complaint except that it is titled "AMENDED COMPLAINT," the words "See Exhibit 'A'" have been removed from line 10, and the words "CLAIM OF RELIEF" appear on line 18 instead of below it.  Compare ECF No. 1 with ECF No. 7.  Plaintiff did not add any new allegations or claims.  For the reasons discussed below, the Court FINDS and RECOMMENDS that the district court DENY Plaintiff's Motion and DISMISS Plaintiff's Amended Complaint with leave to amend.

## DISCUSSION

Courts may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees.  28 U.S.C. § 1915(a)(1).  The Court must subject each civil action commenced pursuant to Section 1915(a) to mandatory screening and order the dismissal of any claim that it finds frivolous, malicious, or

failing to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

Additionally, the court may dismiss a complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  See Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008).  Rule 8 requires that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a)(1).  Rule 8 also requires that a complaint include "a short and plain statement of the claim" and that each allegation "be simple, concise, and direct."  Fed. R. Civ. P.  8(a)(2), (d)(1).  A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Because Plaintiff is appearing pro se in this action, the Court liberally construes the pleadings.  See Bernhardt v. L.A. Cnty., 339 F.3d 920, 925 (9th Cir. 2003).

As an initial matter, the Court notes that because Plaintiff's Amended Complaint is nearly identical to his initial

Complaint, the Court's analysis is the same as in its prior Findings and Recommendation. See ECF No. 4. Nonetheless, the Court proceeds through the analysis again as it applies to Plaintiff's Amended Complaint.

**I. Plaintiff's Amended Complaint Fails to Allege Sufficient Facts to Support the Court's Jurisdiction.**

Plaintiff has failed to allege sufficient facts to support this Court's exercise of personal jurisdiction over Defendant. Personal jurisdiction is proper if it is consistent with Hawaii's long-arm statute and it comports with due process of law. Boschetto v. Hansing, 539 F.3d 1011, 1021–22 (9th Cir. 2008). Because Hawaii's long-arm statute reaches to the full extent permitted by the United States Constitution, the Court need only determine whether due process permits the exercise of personal jurisdiction. Television Events & Mktg., Inc. v. Amcon Distrib. Co., 416 F. Supp. 2d 948, 958 (D. Haw. 2006) (citing Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800–01 (9th Cir. 2004)); Haw. Rev. Stat. § 634–35. For due process to be satisfied, a defendant must have "minimum contacts" with the forum state. Int'l Shoe Co. v. Wash., 326 U.S. 310, 315 (1945). A defendant has minimum contacts with the forum state if (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum; (2) the claim

arises out of or results from the defendant's forum related activities; and (3) the exercise of jurisdiction is reasonable. Boschetto, 539 F.3d at 1021.

Plaintiff does not plead sufficient facts in his Amended Complaint to satisfy the standard for minimum contacts. Plaintiff states only that Defendant "owns a commercial business worldwide." ECF No. 7. Plaintiff does not allege that Defendant operates or otherwise has any presence in Hawaii or that Plaintiff was discriminated against by Defendant in Hawaii. Even liberally construing the Amended Complaint, the Court cannot determine that Defendant has sufficient minimum contacts with Hawaii to establish personal jurisdiction. Because Plaintiff has failed to state the grounds for this Court's jurisdiction over Defendant, the Court recommends that Plaintiff's Amended Complaint be dismissed. See Fed. R. Civ. P. 8(a)(1).

**II. Plaintiff's Amended Complaint Fails to Allege Sufficient Facts to Support His ADA Claim.**

Plaintiff has failed to plead sufficient facts to state a claim for relief under Title III of the ADA. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public

accommodation." 42 U.S.C. § 12182(a). In order to state a claim under Title III of the ADA, Plaintiff must show that: (1) he has a disability; (2) defendant is subject to Title III; (3) and he was denied full and equal treatment or otherwise discriminated against because of his disability. See Parr v. L & L Drive-Inn Restaurant, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000) (citing Mayberry v. Von Valtier, 843 F. Supp. 1160, 1166 (E.D. Mich. 1994)); see also Reeves v. MV Transp., Inc., 845 F. Supp. 2d 104, 106-107 (D.D.C. 2012). As in his initial Complaint, Plaintiff alleges in his Amended Complaint that "Plaintiffs are individuals with disabilities," and that "Defendant's business is a public accommodation." ECF No. 7. These allegations merely recite the elements of a claim under Title III of the ADA and are therefore insufficient to satisfy Rule 8. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to satisfy Rule 8]."). Because Plaintiff has failed to allege sufficient facts to state a claim for which relief can be granted, the Court recommends that Plaintiff's Amended Complaint be dismissed. See Fed. R. Civ. P. 8(a)(2).

**III. Plaintiff's Amended Complaint Should Be Dismissed Under the First-to-File Rule.**

Finally, the Court finds that dismissal of Plaintiff's Amended Complaint is also appropriate under the first-to-file

rule. See Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94 (9th Cir. 1982). The first-to-file rule is a discretionary rule that allows a district court to dismiss, stay, or transfer a case to another district court in order to avoid duplicative litigation and prevent conflicting judgments. Wallerstein v. Dole Fresh Vegetables, Inc., 967 F. Supp. 2d 1289, 1292 (N.D. Cal. 2013). "Courts analyze three factors in determining whether to apply the first-to-file rule: (1) chronology of the actions; (2) similarity of the parties; and (3) similarity of the issues." Id. at 1293.

   The Court previously found that this case satisfies the three requirements for the first-to-file rule. See ECF No. 4 at 7-9. Because Plaintiff's Amended Complaint is substantively identical to Plaintiff's initial Complaint and fails to address the first-to-file issue, the Court finds that the Amended Complaint should also be dismissed under the first-to-file rule. Plaintiff filed a similar action in the District Court for the District of Guam. See Hackett v. Red Guahan Bus 117 Guerro, No. 1:16-cv-00001 (D. Guam Jan. 8, 2016). The complaint filed in Plaintiff's action in the District of Guam is nearly identical to his Complaint and Amended Complaint in this action. Compare Hackett v. Red Guahan Bus 117 Guerro, No. 1:16-cv-00001, Docket Entry 1, with ECF Nos. 1, 7. Plaintiff filed his action in the District of Guam over one month prior to filing in this district. Compare Hackett v. Red Guahan Bus 117 Guerro, No. 1:16-cv-00001,

Docket Entry 1, with ECF No. 1.  Although Plaintiff's action in the District of Guam action will be dismissed if he does not pay his filing fee and amend his complaint in that action by April 1, 2016, Plaintiff was still pursuing the case as of January 19, 2016, and the case has not yet been dismissed.  See Hackett v. Red Guahan Bus 117 Guerro, No. 1:16-cv-00001, Docket Entries 3 (order denying application to proceed without prepayment of fees), 4 (motion for recusal filed by Plaintiff), 6 (order denying plaintiff's motion for recusal and ordering that the case be dismissed if Plaintiff fails to pay his filing fee and amend his complaint within fourteen days).  Because Plaintiff's action in the District of Guam was filed prior to this action and involves identical parties[2] and identical issues, the Court finds that Plaintiff's Amended Complaint should be dismissed pursuant to the first-to-file rule.

Although the Amended Complaint is deficient, the Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).  In particular, because of the timing

---

[2] Although the defendant in the District of Guam action is named "Red Guahan Bus 117 Guerro," it appears this is an error due to Plaintiff including only part of Defendant's address next to Defendant's name on his District of Guam complaint.

9

of Plaintiff's filings and because Plaintiff has previously indicated that his disabilities make it difficult for him to file documents with the court, the Court is concerned that Plaintiff mistakenly or incorrectly filed his Amended Complaint without making the necessary amendments pursuant to the district court's adoption of this Court's Findings and Recommendation.  Therefore, the Court cannot say it is absolutely clear that Plaintiff cannot cure the defects in his Amended Complaint.  Accordingly, the Court RECOMMENDS that the Amended Complaint be DISMISSED without prejudice and Plaintiff be given leave to file a second amended complaint, addressing the deficiencies identified above, no later than thirty days from the district court's adoption of this Findings and Recommendation.

If Plaintiff chooses to file a second amended complaint, the document must be clearly designated as the "Second Amended Complaint," must be retyped or rewritten, and may not incorporate any part of the initial Complaint or Amended Complaint by reference.  See Local Rule 10.3.  Because the Court finds that the Amended Complaint is deficient, the Court also RECOMMENDS that Plaintiff's second application to proceed without prepayment of fees be DENIED and that Plaintiff be given leave to file another Application if he chooses to file a second amended complaint.  If Plaintiff chooses to file another application to proceed without prepayment of fees, he must do so by fully

completing and executing the court-approved form available on the court's website.

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that the district court DISMISS Plaintiff's Amended Complaint with leave to amend. Plaintiff must file a second amended complaint, if he chooses to do so, addressing the deficiencies identified above, no later than thirty days from the district court's adoption of this Findings and Recommendation. The Court further FINDS and RECOMMENDS that the district court DENY Plaintiff's second application to proceed without prepayment of fees with leave to file another Application if he chooses to file a second amended complaint. If Plaintiff chooses to file another application to proceed without prepayment of fees, he must do so by fully completing and executing the court-approved form available on the court's website.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MARCH 22, 2016.

Richard L. Puglisi
United States Magistrate Judge

**HACKETT V. RED GUAHAN BUS; CIVIL NO. 16-00066 ACK-RLP; FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DENY PLAINTIFF'S SECOND APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND DISMISS THE AMENDED COMPLAINT WITH LEAVE TO AMEND**