**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| CLIFFORD RAY HACKETT, | ) |
| | ) |
|     Plaintiff(s), | ) |
| | ) Civ. No. 16-00066 ACK-RLP |
|     vs. | ) |
| | ) |
| RED GUAHAN BUS, | ) |
| | ) |
|     Defendant(s). | ) |
| | ) |

## ORDER DISMISSING COMPLAINT WITH PREJUDICE

On April 11, 2016, the Court issued an order adopting the Magistrate Judge's Findings and Recommendation that the District Court Deny Plaintiff's Second Application to Proceed Without Prepayment of Fees and Dismiss the Amended Complaint With Leave to Amend ("F&R").  ECF Nos. 10, 11.

Pursuant to the F&R, as adopted by the Court, pro se Plaintiff Clifford Ray Hackett's ("Plaintiff") amended complaint was due "no later than thirty days from the district court's adoption of" the F&R.  F&R at 10.  Plaintiff's amended complaint was due on Wednesday, May 11, 2016, thirty days after April 11, 2016.  Plaintiff, however, failed to file an amended complaint, and has not requested an extension of time to file his amended complaint.  Plaintiff has not filed anything in this case since the Court's April 11, 2016 order.

The Court has discretion to dismiss Plaintiff's

complaint with prejudice because Plaintiff has failed to comply with the Court's order and has failed to correct the deficiencies identified in the F&R in a timely manner. See Yourish v. Cal. Amplifier, 191 F.3d 983, 987-92 (9th Cir. 1999) (holding that the plaintiff's failure to comply with a minute order setting forth the deadline to file the amended complaint granted the district court discretion to dismiss the case with prejudice under Fed. R. Civ. P. 41(b)).[1]

After weighing the five dismissal factors set forth in Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011),[2] the Court finds that the public interest in expeditious resolution of this litigation and the Court's interest in managing the docket strongly outweigh the public policy favoring disposition

---

[1]     Rule 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

[2]     The Ninth Circuit

> ha[s] identified five factors that a district court must consider before dismissing a case . . . (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Dreith, 648 F.3d at 788 (quoting Adriana Int'l Corp. v. Thoren, 913 F.2d 1406, 1412 (9th Cir. 1990)).

of cases on the merits.  Moreover, it does not appear that Defendants have been served, and Defendants will suffer prejudice with the elapse of time, loss of evidence, and fading memories.  Finally, under the present circumstances, the Court believes that less drastic alternatives are not appropriate, given Plaintiff's failure to participate in his own litigation.

As noted above, the Ninth Circuit has held that district courts have discretion to dismiss a case with prejudice under these circumstances.  Accordingly, Plaintiff's Amended Complaint, which the Court previously dismissed without prejudice, is HEREBY DISMISSED WITH PREJUDICE.  The Court DIRECTS the Clerk's Office to close the case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 6, 2016.

_____
Alan C. Kay
Sr. United States District Judge


Hackett v. Red Guahan Bus, Civ. No. 16-00066 ACK-RLP, Order Dismissing Complaint with Prejudice